IN THE MATTER OF ANTHONY L. MEZZACCA,
AN ATTORNEY AT LAW.

Argued April 29, 1975—Decided June 11, 1975.

*Mr. Martin A. Spritzer* argued the cause for the Middlesex County Ethics Committee.

*Mr. Anthony L. Mezzacca* argued *pro se.*

PER CURIAM. This disciplinary proceeding stems from respondent's conduct as an attorney before an administrative review board conducting a departmental hearing. Respondent represented a sheriff's officer employed in the Middlesex County Sheriff's Office against whom charges of misconduct had been filed by the sheriff after receiving a report that the officer had been involved in a shoplifting incident in a Korvette store. The sheriff appointed the undersheriff as hearing officer of a departmental review committee to conduct a hearing on the charges and make recommendations as to what disciplinary action, if any, should be taken. The balance of the panel consisted of four other departmental officers. In fact, following the hearing, the review board ultimately dismissed the charges against the particular sheriff's officer.

When respondent appeared before the review board he challenged its right to hear the matter on the ground it was in no way legally constituted. He claimed the sheriff was biased against his client and was just looking for the opportunity to get rid of him. He asserted that the proceeding was a conspiracy to violate his client's civil rights and demanded that the hearing "stop right now." During the course of the hearing respondent referred to the board as a "Kangaroo Court." He said the hearing was "a waste of county money, perpetrated by a demented sheriff that thinks he is a King or a God." He characterized the members of the board as "Nazis, that's what you are." He told one of the members of the board that "You may have to answer to a higher tribunal than this before this is over, including the Grand Jury." He made numerous accusations as to lying and threatened several times to go to the prosecutor and have the person indicted. At one point respondent said: "If you want Mr. Jones to be indicted put him on the stand. Because I will

see to it that he will be indicted. Believe me, he will be indicted."

Respondent's conduct, as demonstrated by the record, can best be described as rude, intimidating and disruptive. All of this was without provocation from the review board. One has to read the transcript of the May 22, 1973 hearing to appreciate why one of the members of the board finally told respondent "You should be ashamed of yourself for the way you carried on here today."

Following the hearing the presiding officer of the board wrote to the Assignment Judge of Middlesex County complaining of respondent's conduct. The letter was forwarded to the County Ethics Committee which, after investigation, filed a Statement of Charges in Lieu of Formal Complaint. A formal hearing was had on the charges at which respondent appeared *pro se* and testified in his own behalf. Some time after the ethics committee hearing had been concluded, the committee filed its Presentment with this Court in which it found that statements made by respondent during the review board hearing, which statements are detailed in the Presentment, constituted a violation of DR 7–106 (c), subparagraphs 2, 3, 4, 5, 6 and 7, and most particularly subparagraph 6, in that respondent's conduct was undignified and discourteous and intended to degrade the departmental review board which was a tribunal for the purposes of the hearing.

The ethics committee also determined that respondent acted contrary to DR 7–105 by threatening people with criminal action to obtain an improper advantage in a civil matter. The specific statements by respondent which the ethics committee found to constitute threats are also set forth in the Presentment. The committee rejected, as do we, respondent's explanation that his conduct was necessary to protect his client, as well as his contention that the review board was not a tribunal within the meaning of the disciplinary rules.

No one questions the right of an attorney to represent his client with all the vigor at his command. A lawyer should fight hard, but he must always fight fair. Vilification, in-

timidation, abuse and threats have no place in the legal arsenal. Common courtesy and civility are expected from a member of the bar whether he appears before the State's highest court or presents a matter to some administrative body. Whenever and wherever he appears in his capacity as an attorney, he must measure up to the standards of conduct set forth in the Disciplinary Rules. Chief Justice Burger of the United States Supreme Court said this in the Sonnett Memorial Lecture given by him at Fordham University Law School on March 26, 1973:

 * * * ethics, manners and civility in the courtroom are essential ingredients and the lubricants of the inherently contentious adversary system of justice * * *.

We have reviewed the entire review board hearing transcript and find no justification for respondent's extreme conduct. Even assuming, as respondent contended, that the board was illegally constituted and its procedures improper, that the sheriff was out "to get" respondent's client, that the Board was "packed" and the outcome of the hearing a foregone conclusion,[1] it would not justify respondent's conduct of vilification and constant abuse.

Respondent had previous experience in representing clients in departmental hearings. He knew that should his worst fears be realized, he could take the matter to Civil Service or, if necessary, secure judicial review. We conclude that the ethics committee's determination that respondent's conduct violated his responsibility as an attorney is fully supported by the record.

Respondent has been a practicing attorney for 12 years. This is the first ethics infraction charged against him. While we cannot condone what he said and did, it appears that he may have become so personally involved in the

[1]This latter contention of respondent was proved wrong when the board exonerated respondent's client of the charges.

cause of his client and the alleged injustice he anticipated, that he allowed his emotional state to affect his judgment as an attorney. In such circumstances, appropriate discipline is by way of reprimand. However, it should be made clear that a repetition of such conduct on respondent's part will not be dealt with lightly.

Respondent is hereby reprimanded.

*For reprimand*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.